**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

December 23, 2019

LETTER TO COUNSEL

    RE:    *OT, LLC, et al. v. Harford County, Maryland, et al.*
             Civil No. SAG-17-2812

Dear Counsel:

    I have reviewed the Motion to Stay (the "Motion") filed by Defendants Patrick McDonough and Richard Impallaria ("Delegates"), ECF 227, as well as Plaintiffs' Response, ECF 230, and the Delegates' Reply, ECF 232. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth herein, the Motion will be granted.

    On October 24, 2019, this Court granted in part and denied in part the Delegates' Motion for Summary Judgment. Memorandum Opinion, ECF 222. Pertinent here, the Court concluded that, based on the present record, the Delegates have not established that they are entitled to the defense of qualified immunity. Specifically, the Court found that certain factual development is necessary before it can determine whether the defense of qualified immunity should apply. *Id.* at 12 ("Here, there are genuine questions of material fact about the Delegates' conduct as it pertains to Old Trails… a jury will find facts to assess, *inter alia*, (1) the nature of these conversations, (2) whether the County's subsequent denials for permits were driven by discriminatory motive, and (3) whether there is a requisite connection between the Delegates' conduct and the County's actions.").

    The Delegates filed an interlocutory appeal of the October 24, 2019 Order, ECF 226, and have moved to stay this Court's proceedings as they litigate the appeal. In opposition, Plaintiffs contend that the interlocutory appeal is defective because this Court's decision turned on unresolved factual issues, rather than on issues of law. ECF 230 at 2–5. Based upon these arguments, evaluating the viability of the interlocutory appeal requires some rehashing of the Court's October 24, 2019 Memorandum Opinion.

    Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which reasonable persons would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Delegates, in their summary judgment briefing, appeared not to be challenging the threshold legal question of whether the Plaintiffs' rights at issue were clearly established. Mot. for Summary Judgment, ECF 199-1 at 9 n.7 (stating "it is not well-established that [their] actions *could form the basis of a conspiracy*.") (emphasis added). Moreover, to the extent that the Delegates made legal challenges, their arguments were predicated on factual issues that have yet to be resolved. For

*OT, LLC, et al. v. Harford County, Maryland, et al.*
Civil No. SAG-17-2812
December 23, 2019
Page 2

example, the Delegates stated, "[r]egardless of intent, it is not well-established that advocacy alone, including private meetings with government officials, in the absence of threat, intimidation, or coercion can give rise to any federal cause of action," and "it is not well-established that government petitioning activity can give rise to a federal civil-rights conspiracy." *Id.* at 18. As explained more thoroughly in the Court's Memorandum Opinion, it is not clear whether the Delegates made threats or coerced individuals, or whether their conduct was limited solely to "petitioning activity." Indeed, Plaintiffs argued that the Delegates' conduct was "threatening, intimidating, and coercive." *See, e.g.*, Opposition to Mot. for Summary Judgment, ECF 204 at 3. For instance, Plaintiffs adduced evidence that Delegate McDonough called and threatened a Harford County official, with the objective of impeding the Old Trails project. *See, e.g.*, ECF 204 at 15. Since Plaintiffs and the Delegates disagree about the nature of this conversation, determining whether it was truly threatening will require a jury to make credibility assessments. After factfinding is completed regarding this conversation and other aspects of the Delegates' conduct, the Court can determine whether they are entitled to invoke qualified immunity. Accordingly, Plaintiffs are correct that the Court denied qualified immunity "based [] on disputed issues of fact." *Leibelson v. Cook*, 761 F. App'x 196, 198 (4th Cir. 2019) (per curiam); *see also Brown v. Reinhart*, 760 F. App'x 175, 178–79 (4th Cir. 2019) (stating an order is not appealable where "a district court ma[kes] clear that its decision [is] a tentative one, … and that it might well change its mind after further proceedings."). Therefore, since it is uncertain at this time whether the Delegates' appeal is properly effected, I do not conclude that this Court is automatically "divest[ed]" of jurisdiction. *See* ECF 227-1 at 2.

Even so, it is within the Court's discretion to grant a stay on the basis of the four "traditional" factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425–26 (2009).

Importantly, factor one "does not require the trial court to change its mind or conclude that its determination on the merits was erroneous." *Realvirt, LLC v. Lee*, 220 F. Supp. 3d 704, 705–06 (E.D. Va. 2016) (citation omitted). Rather, "the question with respect to the first factor is whether 'the issues presented on appeal could be rationally resolved in favor of the party seeking the stay.'" *Id.* at 706. As noted above, this Court's denial of the qualified immunity defense was based on unresolved factual questions. However, a rational court could determine (1) that the issues involved are sufficiently "legal" to find that the denial "turn[ed] on an issue of law," *June v. Thomasson*, 743 F. App'x 523, 524 (4th Cir. 2018), and (2) that it is not clearly established that the Delegates' conduct could violate Plaintiffs' constitutional rights.

Factors two and three weigh strongly in favor of granting the stay. Juxtaposing the potential harm to the Delegates, absent a stay, with the potential harm to the Plaintiffs if a stay is granted is instructive. With respect to the Delegates' interests, the central purpose of qualified immunity is not only to insulate state officials from liability in certain instances, but also to shield them "from the burdens of litigation." *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992). Accordingly, if interlocutory review determines that the Delegates' conduct could not have violated Plaintiffs' clearly established constitutional rights, then requiring the Delegates to stand

trial would irreparably injure them, essentially denying them their full entitlement to qualified immunity.

On the other hand, the issuance of a stay is unlikely to substantially injure Plaintiffs in these circumstances, given the relief they are seeking in this action. The Court is sympathetic to Plaintiffs' contentions that this litigation has persisted for several years, and that certain individuals have suffered irreparably during its pendency. *See* ECF 230 at 8 (stating that during the litigation, "[h]ome purchasers have died without being able to move into their houses"). However, Plaintiffs' claims against the County Defendants are proceeding regardless of the stay, and any time-sensitive injunctive relief, such as the issuance of permits, is sought solely from those Defendants. As noted in this Court's Memorandum Opinion, Plaintiffs have not identified injunctive relief that they are pursuing from the Delegates in particular. ECF 222 at 15 n.9. Although there might be delay in obtaining damages from the Delegates if Plaintiffs ultimately prevail, this delay does not outweigh the potential for nullification of the Delegates' qualified immunity defense. Courts have typically found that injury is not irreparable when monetary damages are at stake. *See, e.g.*, *Audiology Distribution, LLC v. Hawkins*, 578 F. App'x 260 (4th Cir. 2014) ("Nor did HearUSA offer any indication that the nature of its business was such that the loss of customers would result in damages that could not be accurately measured and redressed through money damages."); *SH Franchising, LLC v. Newlands Homecare, LLC*, 2019 WL 356658, at *5 (D. Md. Jan. 29, 2019) (stating court must consider whether the harm can "be remedied at a later time with money damages.").

Finally, regarding the fourth factor, Plaintiffs are correct in stating that the public is interested in its elected officials being held accountable for potentially discriminatory behavior. ECF 230 at 8. However, granting the Motion for a stay will only delay, not terminate the opportunity for the Plaintiffs to have these interests vindicated. But denying the request for a stay, when the United States Court of Appeals for the Fourth Circuit could find that the Delegates should not have to participate in a trial, would waste scarce judicial resources. *See Occupy Columbia v. Haley*, 2013 WL 12380290, at *2 (D.S.C. Mar. 18, 2013) (explaining that granting a stay, in the context of qualified immunity, is consistent with judicial economy).

Based on the factors described above, the Delegates' Motion to stay this Court's proceedings, ECF 227, is GRANTED. The proceedings are stayed, solely with respect to the Delegates, until their interlocutory appeal is resolved by the Fourth Circuit. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge